COMPLAINT UNDER 42 USC §1983, CIVIL RIGHTS ACT-TDCJ-ID (Rev. 7/97)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE _Southern_ DISTRICT OF TEXAS
### _Corpus Christi_ DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 4 2000

MICHAEL N. MILBY CLERK

_Alex Melvin Wade, Jr. 790470_
Plaintiff's name and ID Number

_Lopez State Jail Facility_
Place of Confinement
_1203 El Cibolo Road_
_Edinburg, TX 78539_
v.

CASE NO. _C 00 014_
(Clerk will assign the number)

_Lopez State Jail Facility's_
Defendant's name and address
_Assignment_
_T.D.C.J.,_
Defendant's name and address

_See Attachment_
Defendant's name and address
( DO NOT USE "ET AL.")

_____

I.    **PREVIOUS LAWSUITS:**

   A.  Have you filed _any_ other lawsuits in state or federal court relating to your
       imprisonment?          ___YES  ✓NO

   B.  If your answer to "A" is "yes," describe each lawsuit in the space below.  (If there is more than
       one lawsuit, describe the additional  lawsuits on another piece of paper, giving the same
       information.)

      1.   Approximate date of filing lawsuit:_____

      2.   Parties to previous lawsuit:
           Plaintiff(s)_____
           Defendant(s)_____

      3.   Court (If federal, name the district; if state, name the county)_____

      4.   Docket Number: _Constant  Houston Division) in cause #C99-H-1868_

      5.   Name of judge to whom case was assigned:_____

      6.   Disposition:  (Was the case dismissed, appealed, still pending?)
           _____

      7.   Approximate date of disposition:_____

II.   **PLACE OF PRESENT CONFINEMENT:** _Lopez State Jail Facility_
_1203 El Cibolo Rd._
_Edinburg, TX 78539_

III.  **EXHAUSTION OF GRIEVANCE PROCEDURES:**

Have you exhausted both steps of the grievance procedure in this institution?   ___ YES   ✓ NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.
_IN PROGRESS_

IV.   **PARTIES TO THIS SUIT:**

A.  Name and address of plaintiff: _D. Blevin, Warden,_

_____

_____

B.  Full name of each defendant, his official position, his place of
employment, and his full mailing address.

Defendant #1: _State of Texas, Texas Department of Criminal Justice_
_Gary Johnson, Director_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Deliberate Indifference, Destruction of Property, Mental Cruelty_

Defendant #2 _D. Blevin, Warden_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Cruel and Unusual Punishment, Deliberate Indifference_

Defendant #3: _Lt. Noble + Sgt. Trevino_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_Harrassment, Cruel and Unusual Punishment, Mental Cruelty_

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _Unknown Named Person and Employees of Defendant_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

V.    **STATEMENT OF CLAIM:**

State here in a short and plain statement the facts of your case, that is, what happened, where did it
happen, when did it happen, and who was involved.  Describe how <u>each</u> defendant is involved.  <u>You
need not give any legal arguments or cite any cases or statutes.</u>  If you intend to allege a number of
related claims, number and set forth each claim in a separate paragraph.  Attach extra pages if
necessary, but remember that the complaint must be stated briefly and concisely.  IF YOU
VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.
_See Attachment_

_____

_____

ATC1983 (Rev.04/98)                    3

_____

_____

_____

_____    See Attachment

_____

_____

_____

_____

_____

## VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Injoin the Defendant from further harrassment, violatiry Plaintiff's Eighth Amendment right to cruel and unusal and from further retriliation for filing grievances.

## VII. BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases: Dr. Auz Melvin Wade, Jr   "Rev. Dr. Auz Melvin Wade, Jr"

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if known to you.
790470

## VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____✓YES ____NO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division): Southern Dist. Ind.

   2. Case Number:_____

   3. Approximate date sanctions were imposed:_____

   4. Have the sanctions been lifted or otherwise satisfied? ____YES ✓NO

C. Has any court ever warned or notified you that sanctions could be imposed? ____YES ✓NO

D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer

ATC1983 (Rev.04/98)                         4

the same questions.)

1. Court that imposed warning (if federal, give the district and division): *Soumrn D.st Ind*

2. Case Number: *1P-94-1891-C-M/s    (see, Attachment)*

3. Approximate date warnings were imposed: *11-12-96*

Executed on: _*1-7-2000*_
            DATE

(Signature of plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire $150 filing fee and costs assessed by the Court, which shall be deducted in accordance with the law from my inmate account by my custodian until the filing fee is paid.

Signed this ____*7*____ day of ___*Jan*___ , 19 *2000*
            (Day)                    (month)            (year)

(Signature of plaintiff)

**WARNING: The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limited to monetary sanctions and/or the dismissal of this action with prejudice.**

ATC1983 (Rev.04/98)                    5

In The United States District Court
For The Southern District of Texas
Corpus Christi Division

Alex Melvin Wade. Jr.,
       Plaintiff     Cause # _____

vs.

State of Texas, Texas Department
of Criminal Justice, Gary Johnson,
Director, D. Blevin, Warden of
Lopez State Jail Facility, Lorie A.
Espinoza, Major, Edward J. Baese, Capt.,
Ronald A. Noble, Lt., Toribio Trevino, Sgt.,
Celestine M. Gonzalez and Sandra Garcia,
Employees At Lopez State Jail Facility
                              Defendants

Jury Trial Demanded
Civil Action Complaint

Preliminary Statement:

    This is a civil rights action filed by Alex
Melvin Wade. Jr., a state prisoner, for damages
and injunctive relief under 42 U.S.C. § 1983,
alleging excessive use of cruel and unusual
punishment and denial of imposing institutional
policy in violation of the Eighth Amendment
to the United States Constitution and harass-
ment by prison staff in violation of the Due
Process Clause of the Fourteenth Amendment to
the Constitution. The plaintiff also alleges

being placed of fear of substancially bodily harm by its employees, owe Lt. Noble and personnell under his authority and negligence.

Jurisdiction

1. The Court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 28 U.S.C §§ 1331(a) and 1343.

2. The Court has jurisdiction over plaintiff's state tort claims under 28 U.S.C. § 1367.

Parties

3. The plaintiff, Alex Nelvin Wade, Jr., was incarcerated at Lopez State Jail Facility (Lopez Unit) during the events described in this complaint.

4. Defendant D. Blevin, Warden of Lopez State Jail Facility at 1203 El Cibro Road, Edinburg, Texas 78539. He is sued in his individual and official capacity.

# Exhaustion of Remedies

5. Before continuing, as to the parties involved, the necessity of explanation as to exhaustion. Plaintiff has begun administrative exhaustion the issues and claims raised are in the step 2 process. Plaintiff since the filing of step 2 and the step #1, which is the second in regards to violation of institutional policy regarding the dining hall (See Attachment) feeding time. For inmates.

Therefore, proven administrative remedy is futile and without foundation to proceed through the administration, because of retaliation of staff.

Parties Continue

6. Defendant Lottie Espinoza, is the Major at the Lopez State Jail Facility. She is sued in her individual and official capacity.

7. Defendant, Edward J. Baese, Captain is employed at the Lopez State Jail Facility. He is sued in his individual and official capacity. ~~and~~

8. Defendant Ronald A. Noble is the Lt., at Lopez State Jail Facility as a employee, and is sued in his individual and official capacity.

9. Defendant Toribio Trevino, Sgt., is employed at Lopez State Jail Facility and is sued in his official and individual capacity.

10. Defendants Celestine Gonzalez, CO III and Sandra Garcia, CO III are correctional officers whose names are presently known to Plaintiff are sued in their individual and official capacity.

11. Defendant John Doe (is) are correctional officer employed at Lopez State Jail Facility whose names is presently unknown to Plaintiff; She/He/They is sued in their individual and official capacity.

12. All the Defendants have acted, and continue act, under color of State law at all times relevant to this complaint.

Facts:

1. On Nov. 16, 1999, Plaintiff arrived at the Lopez State Jail Facility, placed in population and made to walk with his hands behind his back without explanation.

2. On Dec 15, 1999, at about 9:30 am., defendant Dennis Blevins, Warden came into the Pod (A-1) where Plaintiff is housed at which time Plaintiff asked defendant why did he have to walk outside with his hands behind his back. Defendant told Plaintiff that it was a institutional policy.

Plaintiff advised defendant that he is a T.D.C.J., confinee and the State Jail Policy does not comply to him. Plaintiff was told to file a grievance and, it was stated "You are going to lose."

Plaintiff filed step 1 on or about 12-15-99 and on a second occassion before accepted. (See Attachment)

On or about 12-28-99 the step one was denied by defendant Dennis Blevins. Plaintiff immediately filed step 2 on or about 1-2-00. Plaintiff has not recieved a reply to said grievance.

3. On Nov. 16, 1999 upon being placed in population plaintiff was ordered to consume the food issued in the dining hall in minimum portions, within 4 to 5 minutes.

4. Since Nov. 16, 1999, plaintiff have been placed in fear of having sanctions brought against him by personnel of defendant T.D.C.J., at the Lopez State Jail Facility after repetily attempting to advise staff that pursuant to the T.D.C.J. manual printed 1997 on page 18 paragraph #9, each inmate have 20 minutes to eat upon entering the dining hall.

5. Plaintiff filed a step one ~~cause~~ on the issue and the response was, an investigation revealed the claim is not valid. Plaintiff filed his step two on the issue. At this time no response is available.

6. On or about 12-21-99, plaintiff was given a direct order by unknown name employees of defendant to get out of the dining hall after showing the manual to said unknown named employees, and further order to not come back to "his" dining hall.

7. Plaintiff removed his unfinished meal from the table as ordered and left.

8. On sameday outside of the dining hall Plaintiff stop Lorie Espinoza, Major and her as to what just occurred, Defendant had Plaintiff spoke with a Lt., Plaintiff told Defendant, Defendant acquire two way radio where contact was made with a Lt., and was told to tell the Lt., the situation, which I did and was told it would be taken care of. Plaintiff was asked did he eat, Plaintiff advise the Lt., he did not want further confrontation and return to his assigned area.

Retaliation, Harrassment and Abuse of Authority

9. On or about 12-25-99, while in the dining hall and ordered to leave, Plaintiff informed Sgt. Trivino, The 1997 manuel is outdate and was no good, as to the 20 min. required per inmate to eat. Plaintiff ask to speak to the Lt., Noble and advised based on the manuel, 20 min., is provided for each inmate to each Lt. Noble also advised the manuel is outdated.

10. Plaintiff wrote a I-60 to the attention of Lorie Espinoza, Major, requesting a new issue of T.D.C.J., manual, because of being advised by Lt. Ronald Noble and Sgt. Toribio Trevino, on 12-25-99, third shift during chow time the manual number 8-97 was of no further good as to the 20 minutes in the dining hall. (See attached I-60).

11. Shortly after these events, defendants Trevino, Lt. Noble imposed retaliation a-ganist plaintiff, accompanied by defendants Gonzales and Garcia, CO III's to cause plaintiff be harrassed with due process of law.

12. On 1-4-2000, while in the dining hall, and being there 2 minutes, Garcia CO III gave a direct order to "pick it up," at which time, plaintiff asked for a Sgt. and Sgt. Trevino appeared, plaintiff displayed a I-60 signed by Capt. Edward Baese, stating that 20 min., is afforded from the time of leaving the dorm. Sgt. Trevino threw it back at me and said, "I know that," gave me a direct order

TO LEAVE THE DINING HALL. THE PLAINTIFF THEN BEGAN TO PICK UP HIS TRY AND DISPOSE OF THE SAME A LEAVE THE DINING HALL.

13. PLAINTIFF RETURNED TO HIS ASSIGNED DORM, REQUESTED A STEP 1 FROM THE PICKET OFFICER, THEN PREPARING AND FILING THE STEP 1 ON 1-4-2000, REGARDING THE CONDUCT OF SGT. NOBLE AND GARCIA COII.

14. ON THE MORNING OF 1-5-2000, THE DEFENDANT CELESTINE GONZALES, PRIOR TO LEAVING THE DORM AREA IN THE PRESENCE OF ALL OFFENDER GOING TO CHOW STATED "PUT THAT MANUEL BACK IN THE DORM, THE LT., TOLD ME TO HAVE YOU DO THIS!" PLAINTIFF COMPLIED WITH THE DIRECT ORDER.

UPON APPROACHING THE CHOW HALL, ONCE S, GARCIA, COII, TARGETED PLAINTIFF, STATING YOU, GET OUT OF THE LINE AND STEP OVER TO THE WALL, TAKE YOUR COAT OFF, PLAINTIFF IN COMPLIANCE WITH ALL ORDERED, PLAINTIFF WAS PAT SEARCHED AND PLAINTIFF IDENTIFICATION HOLDER WAS REMOVED AND ALL MEDICAL RECORDS WERE REMOVED FROM SAID HOLDER, THE MEDICAL RECORD IS PART OF ONGOING LITIGATION PENDING IN THE UNITED STATES DISTRICT

Court for the Southern District of Indiana and in a worker's compensation claim filed in the Worker's Compensation Board. Plaintiff was given a incident report for allegedly having contraband. (See Exhibit "A")

Claims for Relief

1. The actions of Defendants Dennis Blevins, Warden, Lottie Espinoza, Major, Capt. Edward Baese, Lt. Ronald Noble, Sgt. Toribio Trevino, in not providing proper training to it's employees at Lopez State Jail Facility, and in using none retaliation, harassment against the plaintiff without need provocation, or in failing to intervene to prevent the misuse of policy, were done maliciously and sadistically and constituted cruel and unusual punishment, in violation of the Eighth Amendment of the United States Constitution.

2. The action of Defendant Lt. Ronald Noble, Celestine Gonzales, COII, S. Garcia, COII and Sgt., Toribio Trevino. in using retaliation and harassment against the plaintiff without need or provocation constituted the

TORT of RETALIATION AND HARRASSMENT UNDER THE LAW of TEXAS.

3. THE FAILURE of DEFENDANT DENNIS BLEVINS, LORIE ESPINOZA, INMAUR AND EDWARD BAESE CAPT., TO TAKE DISCIPLINARY OR OTHER ACTION TO CURB THE KNOWN PATTERN OF ABUSE OF INMATES DURING FEEDING BY DEFENDANTS RICHARD ROBLE + TORIBIO TREVINO CONSTITUTED DELIBERATE INDIFFERENCE, AND CONTRIBUTED TO AND PROXIMATELY CAUSED BY THE ABOVE DESCRIBED VIOLATION of EIGHTH AMENDMENT RIGHTS AND HARRASSMENT AND RETALIATION.

4. THE FAILURE of DEFENDANT DENNIS BLEVINS AND LORIE ESPINOZA, IN ERASING AND/OR HAVING PLAINTIFF MEDICAL RECORD RETURNED DENIES ACCESS TO THE COURT, DESPITE THEIR KNOWLEDGE of THE ABOVE DESCRIBED VIOLATIONS CONSTITUTED DELIBERATE INDIFFERENCE AND FURTHER, DENIED THE PLAINTIFF THE DUE PROCESS of LAW IN VIOLATION of THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Relief Requested

Wherefore, Plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The physical abuse of the plaintiff by Defendants, D. Blevins, and violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and harassment caused by defendants under state law.

2. Defendant Blevins failure to take action to curb the abuse of walking with hands behind the back of prisoners violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted a cruel and unusual punishment under state law.

3. Defendant Blevins failure to take action to curb the abuse of staff in causing inmate to consume food within 4 to 5 minutes or dispose of the same, with is cruel and unusual punishment, not limited to a deliberate indifference under the Eighth Amendment to the

States Constitution and constituted harass-
ment, cruel and unusal punishment.

B. Issue an injunction ordering Defendants
T.D.C.J., staff at Lopez State Jail Facility
or their agents to:

1. Immediately arrange for the plaintiff's
hands by his side outside the building;

2. Immediately arrange for the plaintiff
to be allowed to eat for the required 20
minutes as set out in the manual;

3. Carry out without delay plaintiff
being harrassed by staff; and

4. Return of plaintiff property con-
fiscated by S. Limlia & Sgt. Trevino
on 1-5-2000

C. Issue an injunction ordering defendant
T.D.C.J., Lopez State Jail Facility staff:

1. Expunge the disciplinary conviction de-
scribed in this complaint from the
plaintiff's institutional record.

D. Award compensatory damages in the following:

1. $1,500,000.00 jointly and severally against Defendants State of Texas, T.D.C.J., D. Blevins and Lorie Espinoza. For the physical and emotional injuries sustained as a result of the harassment and retaliation.

2. $1,000,000.00 jointly and several against Defendant Lt. Reynald Noble, Sgt Toribio Trevino and Edward Baese, Capt. for the emotional injury(ies) resulting from their denial of due process in connection with the grievances filed.

3. $500,000.00, jointly and several against Defendants Sgt Toribio Trevino, Celestine Gonzales, CO III and S Garcia, CO III for the physical and emotional and lost of property resulting from their conspiracy to deprive me of due process of law, harassment and retaliation.

E. Award punitive damages in the following amounts:

1. $100,000 each against Defendants Noble, Trevino, Gonzales and Garcia;

2. $500,000 each Blevins + Espinoza

3. $50,000 each defendant Baese + Noble.

F, GRANT SUCH OTHER RELIEF AS IT MAY APPEAR THAT PLAINTIFF IS ENTITLED.

1-7-2000

RESPECTFULLY SUBMITTED,

DR. ALEX MELVIN WADE, JR.
PRO SE.
LOPEZ STATE JAIL FACILITY
1203 EL CIBOLO
EDINBURG, TX 78539

WADE, Alex M.                    790470
LOPEZ                            A-1-9

1203 El Cibolo Road


WARDEN Billings                                12/15/99
To made to walk with hands behind back, is Seg. Policy
Told to protect with lockwire you are going to loss.


I am being made to walk with my hands behind my back in violation
of due process of law. It has been stated that conduct, the which is
now alleged violates due process under cruel and unusual punish-
ment. (Eighth Amendment violation) Is Lopez State Jail Policy, after
careful research at this facility, I find a policy is not
posted. Nor is there, an administrative directive giving
Lopez State Jail facility's duty to cause such restrain-
ment sanctions be imposed upon me.
Since I have not been found to have violated any T.D.C.J
Rules and posted regulations, I been made to live in
fear of suffering irreparable injury, if my hands
are not placed behind my back when leaving the
unit.
I would understand, if I was in a special program
placement such a SAID or ISF, but its limited
those facilities do not impose those type actions upon
a offender. I am being to feel, that I was a disciplinary
transfer from Limited East Unit, which my record is
clean of any institutional violations.
I was told that I was a low risk offender, its
been advised me that offender at high level facilities
are not made to walk with their hands behind
their back.

# Texas Department of Criminal Justice

## STEP 1   PASO 1

## OFFENDER GRIEVANCE FORM
Forma Para Quejas de los Preso

**OFFICE USE ONLY**
Para Uso De La Oficiana Solamente

Grievance #: _____
Date Received: _____
Date Due: _____
Grievance Code: _____
Investigator Number: _____

☐ EM   ☐ UOF   ☐ MED
☐ ADA   ☐ REL   ☐ SSI

Offender Name: WADE, Alex M.   TDCJ # 290470

Unit: LOPEZ   Housing Assignment: A-19

Unit where incident occurred: 1203 EL CIBOLO ROAD

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? WARDEN BILLINGS   When? 12/15/99

What was their response? TO MADE TO WALK WITH HANDS BEHIND BACK, IS LIS. POLICY

What action was taken? TOLD TO PROCEED WITH GRIEVANCE YOU ARE GOING TO LOSS.

---

State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.

I AM BEING MADE TO WALK WITH MY HANDS BEHIND MY BACK, IN VIOLATION OF DUE PROCESS OF LAW. IT HAS BEEN STATED THAT CONDUCT, FOR WHICH IS NOW ALLEGED VIOLATES DUE PROCESS UNDER CRUEL AND UNUSUAL PUNISHMENT. (EIGHTH AMENDMENT VIOLATION) IS LOPEZ STATE JAIL POLICY. AFTER CAREFUL RESEARCH AT THIS FACILITY, I FIND A POLICY IS NOT POSTED NOR IS THERE, AN ADMINISTRATIVE DIRECTIVE GIVING LOPEZ STATE JAIL FACILITY & STAFF TO CAUSE SUCH REPUG-NANT SANCTIONS BE IMPOSED, UPON ME.

SINCE I HAVE NOT BEEN FOUND TO HAVE VIOLATED ANY TDCJ RULES AND POSTED REGULATIONS. I BEEN MADE TO LIVE IN FEAR OF SUFFERING IRREPARABLE INJURY, IF MY HANDS ARE NOT PLACED/BEHIND MY BACK WHEN LEAVING THE UNIT.

I WOULD UNDERSTAND IF I WAS IN A SPECIAL PROGRAM PLACEMENT SUCH A SAISP OR ISF, BUT AS [EXCEPT] THOSE FACILITIES DO NOT IMPOSE THOSE TYPE ACTIONS UPON A OFFENDER. I AM BEING TO TELL THAT I WAS A DISCIPLINARY TRANSFER FROM WAYNE EAST UNIT, WHICH MY RECORD IS CLEAR OF ANY INSTITUTIONAL VIOLATIONS.

I WAS TOLD THAT I WAS A LOW RISK OFFENDER, ITS BEEN ADVISED ME THAT OFFENDER AT high level FACILITIES ARE NOT MADE TO WALK WITH THEIR HANDS BEHIND THEIR BACK.

FURTHER, THE ORIENTATION MANUAL DO NOT POST THAT SUCH IS RE-QUIRED. THIS CONDUCT IMPEDES UPON THE RULES OF TDCJ [ADOPTED] AS A GUIDELINE FOR OFFENDERS.

I-127 Front (9/1/1999)   **PLEASE SIGN ON BACK**   (OVER)

**Action Requested to Resolve your Complaint.**

LET THE POLICY STATEMENT BE POSTED IN THE LAW LIBRARY
THAT GIVE LOPEZ THAT AUTHORIZATION TO IMPOSE THE SANCTIONS
MENTION HERE OR ORDER STAFF TO ADVISE OFFENDERS THEY
NEED NOT WALK OUTSIDE THE HALL WITH HANDS BEHIND BACK.

**Offender Signature:** _____          **Date:** 12/15/99

**Administration's Decision**

☐ Mandatory referral to IAD (Grievance worksheet attached)

☐ No action warranted (Explain).

**Signature Authority:** _____          **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the Step 1 response. State your reason for appeal on the Step 2 form.

**Returned because:**

☐ 1. Grievable time period has expired.

☑ 2. Submission in excess of 1 every 7 days*

☐ 3. Original not submitted*

☐ 4. Inappropriate/excessive attachments*

☐ 5. No documented attempt at informal resolution.*

*You may resubmit this issue once corrections are made.

☐ 6. No requested relief is stated.*

☐ 7. Malicious use of vulgar, indecent, or physically threatening language directed at an individual.

☐ 8. The issue presented is not grievable.

☐ 9. No remedy exists.

☐ 10. Illegible/Incomprehensible*

☐ 11. Inappropriate (request is for employee disciplinary action or consequential or punitive damages).

I-127 Back (9/1/1999)

UGI: _____

**Texas Department of Criminal Justice**

# STEP 1
PASO 1

## OFFENDER GRIEVANCE FORM
Forma Para Quejas de los Preso

Offender Name: WADE, ALEX M. Jr.   TDCJ # 740470

Unit: LOPEZ STATE JAIL   Housing Assignment: A-1-9

Unit where incident occurred: 1203 EL CIBOLO ROAD
EDINBURG, TX 78539

OFFICE USE ONLY
Para Uso De La Oficiana Solamente

Grievance #: _____
Date Received: _____
Date Due: _____
Grievance Code: _____
Investigator Number: _____

☐ EM   ☐ UOF   ☐ MED
☐ ADA   ☐ REL   ☐ SSI

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? WARDEN D. BUSKILS   When? 12/15/99

What was their response? INSTITUTIONAL POLICY PROVIDE OFFENDER WALK WITH HANDS BEHIND BACK

What action was taken? TOLD TO PROCEED WITH GRIEVANCE, STATING YOU ARE GOING TO LOSS !!!

State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.

I AM BEING MADE TO WALK WITH MY HANDS BEHIND MY BACK OUTSIDE THE BUILDING, RESULTING IN VIOLATION OF DUE PROCESS OF LAW. IT IS THIS COMPLAINANT'S CONTENTION, LET IT BE NOTED THAT I AM PRESENTLY ON APPEAL, AND THIS TYPE ACTION VIOLATES THE EIGHTH AMENDMENT TO THE CONSTITUTION. THIS MADE DONE IS NOT POSTED IN THE ADMINISTRATIVE DIRECTIVE OF TDCJ, GIVING LOPEZ STATE JAIL STAFF AUTHORIZATION TO CAUSE OFFENDERS WALK WITH THEIR HANDS BEHIND THEIR BACK OUTSIDE THE BUILDING.

UNDER THE STANDARD PROCEDURES (INMATE ORIENTATION PACKET) AT PAGE #7 #5, IT SPECIFICALLY USE THE WORD "HALLWAYS". AFTER MY REVIEW OF WESTLAW & WEBSTER, THE DEFINED MEANING OF HALLWAYS DO NOT COVER "ANY" AREA OUTSIDE OF THE BUILDING. NOW, I AM NOT ABREAST WITH ANY DICTIONARY PUBLISHED BY TDCJ OR ANY AGENCY OF THE STATE OF TEXAS DEFINING HALLWAYS AS A AREA OUTSIDE OF THE BUILDING.

THEREFORE, SINCE I AM BEING MADE TO WALK WITH MY HANDS BEHIND MY BACK OUTSIDE THE BUILDING WHERE NOT TDCJ'S RULE IS POSTED AMOUNTS TO A CLEAN VIOLATION OF DUE PROCESS OF LAW. I AM NOT A DISCIPLINARY TRANSFER INMATE, I WAS TOLD THAT I AM A LOW RISK OFFENDER.

WHY AM I MADE TO WALK WITH MY HANDS BEHIND MY BACK OUTSIDE OF THE BUILDING?

DO TDCJ ALLOW OFFENDERS IN OTHER FACILITIES BE MADE TO WALK WITH THEIR HANDS BEHIND THEIR BACK? IF NOT WHY IS IT REQUIRED AT LOPEZ STATE JAIL FACILITY?

I-127 Front (9/1/1999)   PLEASE SIGN ON BACK   (OVER)

Action Requested to Resolve your Complaint.
REST THE POLICY OR ADMINISTRATIVE DIRECTIVE MANDATING TDCJ
INMATES BE ORDERED TO WALK WITH HANDS BEHIND BACK AND/OR
OFFENDERS ON APPEAL BEING MADE TO DO SUCH REPUGNANT ACTIONS
AS MENTIONED HEREIN.

Offender Signature: _____ Date: 12/18/99

Administration's Decision

☐ Mandatory referral to IAD (Grievance worksheet attached)

☐ No action warranted (Explain).

Signature Authority: _____ Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the Step 1 response. State your reason for appeal on the Step 2 form.

Returned because:

☐ 1. Grievable time period has expired.

☑ 2. Submission in excess of 1 every 7 days*

☐ 3. Original not submitted*

☐ 4. Inappropriate/excessive attachments*

☐ 5. No documented attempt at informal resolution.*

*You may resubmit this issue once corrections are made.

☐ 6. No requested relief is stated.*

☐ 7. Malicious use of vulgar, indecent, or physically threatening language directed at an individual.

☐ 8. The issue presented is not grievable.

☐ 9. No remedy exists.

☐ 10. Illegible/Incomprehensible*

☐ 11. Inappropriate (request is for employee disciplinary action or consequential or punitive damages).

I-127 Back (9/1/1999)

UGI: Ms. Cano

EXHIBIT "A"

EXHIBIT "A"

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION
### CONFISCATION AND DISPOSITION OF CONTRABAND

| 1. NAME: | 2. TDCJ NUMBER | 3. UNIT | 4. DATE |
|---|---|---|---|
| | | | |

5. The contraband listed below was found in the possession of, or in the living quarters of the above named inmate

on _____. Property Log Book No. _____.

6. (To be completed by inmate): I have received a list of those items confiscated as contraband. I claim ownership of the following item(s) (identify by number from Section 5 above): Nos. _____.
I am aware that a claim of ownership will not be accepted for any item of state property. I am aware that I have 7 days from receipt of this inventory to provide staff with evidence of my ownership of the claimed personal property items.

I, _____, received a copy of this inventory on _____.
    (Inmate's Signature)      (Date)

7. Of the contraband listed in Section 5 above, the inmate has established ownership for the following (identify by number from Section 5 above): Nos. _____.
Contraband, other than dangerous contraband, may be mailed at the inmate's expense to a destination of the inmate's choice. Where the inmate if financially able to pay postage, but refuses or fails to provide a mailing address for return of the property, the confiscated property will be disposed of through approved means including destruction of the property.

I have read, or had read to me, the above information. I request the following action be taken in regard to my contraband property:

a. ___ I request the property be mailed to _____.

_____. I agree to pay the mailing costs.

b. ___ I request the property be picked up by: _____,

when they visit on _____.      (Name, Relationship, Address)

c. ___ Other (Specify, e.g., donate to an institution)

INMATE'S SIGNATURE: _____. DATE: _____.

8. The following contraband (identify by number from Section 5 above) has been determined to be dangerous contraband, or contraband for which no ownership has been established, or contraband for which the inmate has refused to designate a method of disposal. The contraband has been disposed of as follows (indicate item no./method):

_____  _____
(Signature/Printed Name of Staff Determining Method of Disposal)      (Date)

_____  _____
(Signature/Printed Name of Staff Disposing of Property)      (Date)

_____  _____
(Signature/Printed Name of Staff Witness when Property Destroyed)      (Date)

WADE, ALEX M. SR 790410
LOPEZ STATE JAIL A-1-9
1203 EL CIBOLO ROAD EDINBURG

LT. ROBLE 1-04-00
GAVE ME A DIRECT ORDER TO GET UP FROM THE TABLE.
NONE IN REF., TO POLICY OR WRITTEN COM. OF CAPT. BASES.

ON 01-04-00, UPON BEING IN THE DINING HALL FOR ALMOST 3 MINUTES I (WE) WERE TOLD TO PICK IT UP. THAT IS, TO TAKE YOUR TRAY AND LEAVE. I TOLD THE DINING ROOM OFFICER I HADN'T BEEN EATING THE REQUIRED TIME. I ASK FOR RANK, MOMENTS LATER LT. ROBLE APPEARED AND THE OFFICER TOLD HIM I HAD DISOBEYED A DIRECT ORDER AND REFUSE TO LEAVE. I ADVISE LT. ROBLE THAT THE REQUIRED 20 MINUTES HAS NOT BEEN PROVIDED AS REGULATION. I SHOW HIM A I-60 SIGNED BY CAPT. BASES AS TO TIME PROVIDED FOR EATING PROCEDURES IN THE DINING HALL, HE DID ALL HE COULD TO THROW THE I-60 IN MY PLATE, WHICH HE DID NOT PREVAIL. LT. ROBLE'S ACTION WERE THOSE THAT CLEARLY AMOUNT TO RETALIATION FOR MY INITIALLY BRINGING TO MAJOR ESPINOZA ATTENTION THAT HE LT. ROBLE TOLD ME THE MANUEL, THAT A T.D.C.J. ISSUE WAS OUTDATE ON OR ABOUT 12-25-99.

THE I-60, PRESENTED LT. ROBLE NAME APPEARS THEREIN AND IN FACT IS THE PARTY TELLING THIS CONFINEE THE MANUEL ISSUED THROUGH INTAKE WAS OUTDATED.

I DIRECT YOUR ATTENTION TO PAGE # 18 AT PARAGRAPH # 9 WHICH CLEARLY GIVES ME 20 MINUTES TO EAT UPON ENTERING THE DINING HALL.

I ASK NOW THAT ALL THE SECURITY PERSONELL BE MADE ABREST OF THIS POLICY AND NOT TAKE OR MAKE A PROCEDURE IT DEEM APPROPRIATE.

LT ROBLE ABUSED HIS AUTHORITY WHEN HE KNEW OR SHOULD HAVE KNOWN THAT THIS CONFINEE HAS 20 MINUTES TO EAT FROM THE HE ENTERS THE DINING HALL. ON THIS 01-04-00, THE

ClibPDF - www.fastio.com

**SUBJECT:** *State briefly the problem on which you desire assistance.*

Please issue me a updated T.D.C.J. manuel, the printed manuel date Aug 97 was told me by Lt. Noble and C/O Trevino that it is out dated. Upon presentation of the above addressed manuel as to me having 20 minutes to eat in the dinning room was inapplicable. This was told me 12-25-99 morning shift. I was further told the guideline setout in Ruiz decree has been changed. I've checked in the law library and its advised the last order of the Honorable William Justice is 3-1-99. Further, the ECHO has stated the state of Texas will not deviate from the Ruiz stipulations.

Please provide me with updated information.

Name: Alex Melvin Wade, Jr       No: 790470       Unit: Lopez Unit

Living Quarters: A-1-9       Work Assignment: Utility Sq #2

**DISPOSITION:** (Inmate will not write in this space)

you have 20 min from the time exit the Doom go thru the line have a seat eat and Exit the building Bing Hall.

Capt. E. Beese
1-3-2000

I-60 (Rev. 11-90)