# IN THE UNITED STATES DISTRICT COURT
## FOR THE _Seymora_ DISTRICT OF TEXAS
### _Corpus Christi_ DIVISION

Alex M. Ware, Sr
740470

_____
Plaintiff's name and ID Number

Bell State Jail

_____
Place of Confinement

United States District Court
Southern District of Texas
FILED

JAN 1 4 2000

MICHAEL N. MILBY CLERK

CASE NO. **C 00 014**

(Clerk will assign the number)

v.

T. D C. S., and its employees

_____
Defendant's name and address

**APPLICATION TO PROCEED
IN FORMA PAUPERIS**

I, _Alex M. Ware_, declare, depose, and say I am the Plaintiff in the above entitled case. In support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state because of my poverty, I am unable to pay in advance the filing fee for said proceedings or to give security for the filing fee. I believe I am entitled to relief.

I, further declare the responses which I have made to the questions and instructions below are true.

1. Have you received, within the last 12 months, any money from any of the following sources?

   a. Business, profession or from self-employment — Yes☐ No☑
   b. Rent payments, interest or dividends? — Yes☐ No☑
   c. Pensions, annuities or life insurance payments? — Yes☐ No☑
   d. Gifts or inheritances? — Yes☐ No☑
   e. Family or friends? — Yes☐ No☑
   f. Any other sources? — Yes☐ No☑

   If you answered YES to any of the questions above, describe each source of money and state the amount received from each during the past 12 months.

   _____
   _____

2. Do you own cash, or do you have money in a checking or savings account, including any funds in prison accounts?
   Yes☐          No☑
   If you answered YES, state the total value of the items owned.

   _____
   _____

3.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property, excluding ordinary household furnishings and clothing?

                  Yes☐                No☑

If you answered YES, describe the property and state its approximate value.

_____

_____

**I understand a false statement in answer to any question in this affidavit will subject me to penalties for perjury.  I declare (certify, verify, or state) under penalty of perjury that the foregoing is true and correct (28 U.S.C. §1746).**

Signed this the ____7____ day of _____, 19___.

                                                  790470

                  Signature of Plaintiff        ID Number

**YOU <u>MUST</u> ATTACH A CURRENT SIX (6) MONTH HISTORY OF YOUR INMATE TRUST ACCOUNT.    YOU CAN ACQUIRE THE APPROPRIATE INMATE ACCOUNT CERTIFICATE  FROM THE LAW LIBRARY AT YOUR PRISON UNIT.**

Revised 6/97

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF INDIANA

INDIANAPOLIS DIVISION

Alex Melvin Wade, Jr.,
      Plaintiff,

vs.                                    CV No.: IP-94-1891-C-M/S

MEGA LIFE & HEALTH
INSURANCE COMPANY,
      Defendant.

## ORDER

On this____day of_____, 1998, came on before
this Court, Plaintiff's Motion to Open and/or Reopen Civil
action litigation in the above entitled cause and Rehearing
and Reconsideration on Plaintiff's Motion For Summary Judgment
not limited to the memorandum brief submitted as a part there-
of, and it is the opinion of this Court, the Motion should in
all things be hereby granted.

Pursuant to Rule 12 of the Federal Rules of Civil Proce-
dure and not limited to Rule 60(b) of the Federal Rules of
Civil Procedure, this Plaintiff is entitled to reopen the
file in this cause of action.

This Court have jurisdiction over a Motion filed pursuant
to Rule 60(b) at anytime, whether the filing exceeds the one
year limitation.

Plaintiff contends the record of Defendant is infiltrated
with allegation from the State of Texas Plantiff was indicted
and will be brought to justice for the allegaed insurance
fraud allegation brought against him.  Plaintiff have presented
this Court with evidence that is sufficient to support the charge
of insurance fraud brought against him by the State of Texas
is without foundation.

Specifically, Plaintiff contends that the Cross-Claim of Defendant is impertinent and scandalous.  An impertinent pleading is one that is immaterial.  <u>Mitchell</u> v. <u>American Tobacco Company</u>, 28 F.R.D. 315 (D.C. Pa 1961).  Scandalous matters are those casting an excessively adverse light on the character of an individual or party.  <u>Budget Dress Corporation</u> v. <u>International Ladies Garmet Workers Union</u>, AFL-CIO, 25 F.R.D. 506, 508 (S.C.N.Y. 1959).  Motions to strike are disfavored and rarely granted.  <u>Augustus</u> v.<u>Board of Public Instruction</u>, 306 F.2d 862 (5th Cir. 1962).  Unless the matter of which the movant complains bears no possible relation to the controversy or may cause the objecting party prejudice, such should be denied.

In determining whether a party's pleading is imperinent or scandolous, a court should view all well-pleaded facts in their most favorable light.  <u>Budget Dress Corp.</u> v. <u>International Ladies Garmet Workers Union</u>, AFL-CIO, supra.  The Plaintiff has shown and indeed does contents Mega Life contact with the State of Texas and its affirmative defense and cross-claim on their face or scandalous and impertinent and they have caused prejudice in the widest sense, to the degree of bias and prejudice to influnce the decision of this court against the plaintiff.  When taken as ture, the challenged motion and its cross-claim affidavits and attachments, not limited to the discovery material are certainly relevant to Mega Life affirmative defense and cross claim and do contain the extreme sort of accusation that necessarily reflects adversely on the plaintiff. In applying the rule, that in deciding motions to strike a court should consider matters outside the pleading, the Plaintiff wants and request this Court to look beyond the complaint.  <u>Ciprari</u>

Service Aeros Cruzerio do sol, 245 F. Supp 819(S.D.N.Y. 1965)
aff'd on other grounds, 359 F.2d 855 (2nd Cir. 1966). See,
Wright & Miller, Federal Practice & Procedure § 1380(1998)

The Plaintiff nonetheless has submitted for this Court's
consideration and review various portions of transcripts, con-
taining affidavits and statements not limited to a motion to
dismiss filed by the State of Texas.  Acknowledging that the
Court in Texas dismissed the Engaging In Organized Crime In-
dictment against the Plaintiff.  Further the evidence is clear
the State of Texas used a forged affidavit allegding the same
to be that of a John Chiles, the evidence in the form of a
trial transcript of John Chiles states that the affidavit
used by the State of Texas before a grand jury was not his
affidavit.  This is clear the State of Texas used a forged
instrument to acquire an indictment against plaintiff to a-
ccomplish a goal, that goal was to convict plaintiff so that
he would not have adequate access to the courts in civil liti-
gation in the State of Indiana.

Since this case have progressed beyond the pleading stage,
the fact issues that Mega Life & Health raises in its cross-
claim and its affirmative defense, insurance fraud and plaintiff
refutes the same with evidence in support.  The request to
strike is granted.  After the parties have completed discovery
on this issue, and this Court is of the opinion that has been
done, as such, Dr. Wade will be free to resubmit its agruments
in the form of Rule 56 motion for summary judgment and/or reurge
that his Motion for Summary Judgment on filed be reconsidered.

-4-

Therefore, an affirmative defense may be stricken if it is insufficient as a matter of law.  Federal Rules of Civil Procedure.  An affirmative defense is insufficient as a matter of law if it cannot succeed under any circumstances.  Brown v. Williamson Tobacco Co. v. United States, 201 F.2d 819, 822 (6th Cir.1953).

Plaintiff's allegations raised in the present motion is of the expression, Defendant's allegations raised in the cross-claim and its affirmative defense is immaterial, impertinent and least to say scandalous.  In matters of this sort, it is appropriate for this Court to grant the same.  See, Sidney-Vin-stien v. A. H. Robins Co., 697 F.2d 880 (9th Cir. 1983)

IT IS SO ORDERED, the evidence whether it be in the form of affidavit(s), statements and/or allegations is hereby ordered stricken from  the record and is forever precluded from use in this cause of action as a defense.  The evidence is allegations against Plaintiff for allegedly being charged with insurance fraud in the State of Texas.

DONE ON THIS_____DAY OF_____1998.


United States District Judge
For the Southern District
of Indiana
Indianapolis Division

```
CSINIB02/CINIB02      TEXAS DEPARTMENT OF CRIMINAL JUSTICE        01/06/00
RL33/NVA1718                IN-FORMA-PAUPERIS DATA                15:59:01
TDCJ#: 00790470 SID#: 02161691 LOCATION: LOPEZ         INDIGENT DTE: 03/05/99
NAME: WADE,ALEX MELVIN              BEGINNING PERIOD: 07/01/99
PREVIOUS TDCJ NUMBERS:
CURRENT BAL:            0.10 TOT HOLD AMT:       2.58 3MTH TOT DEP:       0.00
6MTH DEP:              0.00 6MTH AVG BAL:        0.17 6MTH AVG DEP:       0.00
MONTH HIGHEST BALANCE TOTAL DEPOSITS   MONTH HIGHEST BALANCE TOTAL DEPOSITS
12/99      0.10            0.00         09/99      0.10            0.00
11/99      0.10            0.00         08/99      0.10            0.00
10/99      0.10            0.00         07/99      0.60            0.00
PROCESS DATE    HOLD AMOUNT      HOLD DESCRIPTION
08/20/99          2.58          PLRA/S/#H99-1860/IPFF
```

STATE OF TEXAS COUNTY OF _Hidalgo_
ON THIS THE _6th_ DAY OF _January_ _2000_ I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE, AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT IDCJ NUMBER: _____ OR SID NUMBER: _____



LUPE GONZALEZ
NOTARY PUBLIC
STATE OF TEXAS
Comm. Exp. 8-03-03